N.Y.S.D. Case #
16-cv-9588(ER)

17-3776-cv
Washington v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand eighteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
PETER W. HALL,
                Circuit Judges,

1
- - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 06, 2018

Janet Washington,
    Plaintiff-Appellant,

    -v.-                                     17-3776-cv

New York City Department of Education, Jeffrey Santiago, as principal of C.S. 67, Donna Ferguson, as assistant principal of C.S. 67, Carmen Noriega, as assistant principal of C.S. 67,
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:    Ballon Stoll Bader & Nadler, P.C., New York, NY.

FOR DEFENDANTS-APPELLEES:    Richard Dearing for Zachary W. Carter, Corporation

1

                                            Counsel of the City of New York (Fay Ng, Megan E.K. Montcalm, on the brief), New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that that the judgment of the district court is **AFFIRMED**.

Janet Washington appeals the judgment of the United States District Court for the Southern District of New York dismissing her disability discrimination and her retaliation claims against the New York City Department of Education ("Department") and several principals and assistant principals of public school C.S. 67 (collectively the "Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Washington began teaching fourth grade at C.S. 67 in 2000, and received tenure in 2003. She suffers from obesity and Chronic Inflammatory Demyelinating Polyneuropathy, which limit her mobility. Washington avers that Jeffrey Santiago, the principal of C.S. 67, discriminated against her on the basis of her disability and mounted a campaign to force her to leave the school, ultimately resulting in her termination. Washington sued alleging (variously) disability discrimination and retaliation, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101; the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. Her complaint alleges the following facts in support of her claims.

After Santiago became principal in 2012, the administration allegedly began drumming up pretexts for giving Washington negative teaching reviews, and she received ineffective ratings for the 2013-14 and 2014-15 school years. Some of the citations related to her lack of mobility and difficulty moving about the classroom, while

others focused on her choice of curriculum and failure to provide resources for her students.  Near the end of the spring 2015 term, Washington filed a complaint with the Office of Special Investigations ("OSI"), citing death threats from a student and Santiago's failure to address them.  Santiago then instructed Washington to seek a medical examination on the (allegedly false) premise that Washington was having difficulty functioning in the school environment and that C.S. 67 could not provide her with proper accommodation, even though Washington had not required special medical accommodation since 2008.  In July 2015, Washington was assigned kindergarten for the 2015-16 school year, even though school policy dictated that she was entitled to second, third, or fourth grade (her top three choices).  Washington also alleges that, in the spring of 2015, Santiago made demeaning comments about her weight to other Department officials.

In September 2015, after receiving an overall ineffective rating for the second consecutive school year, the Department brought a proceeding under New York Education Law Section 3020 ("3020-a hearing") to determine whether just cause existed for Washington's termination.  See N.Y. Educ. Law §§ 3020, 3020-a, 3012-c(5-a)(a)-(k).  At her January 2016 hearing, Washington argued that she faced disability discrimination at her school, and that Santiago and others had used negative evaluations and an overly severe medical accommodation letter as pretext.  After reviewing evidence and taking testimony from thirteen witnesses, the hearing officer concluded that the Department had established just cause for termination, and that Washington had shown insufficient evidence of discriminatory animus.

The district court dismissed Washington's complaint, ruling that collateral estoppel from issues raised and decided at the Section 3020-a hearing bars re-litigation of the discrimination claim, and that Washington had not properly alleged retaliation because her 2015 OSI complaint was not "protected activity" under the ADA or the state and city discrimination statutes.  We review *de novo* the district court's grant of a motion to dismiss.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

3

The doctrine of collateral estoppel bars re-litigation of a legal or factual issue that was previously decided where: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Grieve v. Tamerin, 269 F.3d 149, 153 (2d Cir. 2001) (alterations in original) (quoting United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999)).

"New York courts will give administrative determinations preclusive effect if made in a quasi-judicial capacity and with a full and fair opportunity to litigate the issue." Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 312 (2d Cir. 2005) (citation omitted). Plaintiff asserts that Section 3020-a hearings do not result in the sort of final judgment that can give rise to collateral estoppel in federal court. However, it is well-settled that a "[S]ection 3020-a hearing is an administrative adjudication that must be given preclusive effect" when the elements of collateral estoppel are satisfied. Id. at 311-12; see, e.g., Roemer v. Bd. of Educ. of City of New York, 150 F. App'x 38, 39 (2d Cir. 2005) (summary order) ("Collateral estoppel, also termed issue preclusion, applies to administrative adjudications, including 3020-a hearings.").

The January 2016 Section 3020-a hearing satisfies the elements of collateral estoppel and has preclusive effect. The issue of discrimination was actually litigated and decided, and the arguments raised were identical to those briefed for the discrimination claim on appeal: Plaintiff argued before Arbitrator Brown that she was terminated due to her physical condition, and the defendants responded that she was terminated for cause due to complaints about her subpar performance. See Grieve, 269 F.3d at 153; see, e.g., Smith v. New York City Dep't of Educ., 808 F. Supp. 2d 569, 581 (S.D.N.Y. 2011) ("Thus, because the hearing officers concluded that there existed just cause for the adverse employment actions, those officers actually decided that [Plaintiff] cannot make out a prima facie case of

4

discrimination nor can he put forth evidence of pretext."). Washington relies on Matusick v. Erie Cnty. Waster Auth., 757 F.3d 31 (2d Cir. 2014) and Leon v. N.Y.C. Dep't of Educ., 612 F. App'x 632 (2d Cir. 2015) (summary order); however, those cases are distinguishable because, as Washington acknowledges, the hearing officer in the present case ruled decisively and specifically on whether Washington suffered disability discrimination after considering the arguments from each side. See App'x at 111 (conclusion of Arbitrator Brown that Plaintiff's "evidence of actual animus is weak" and that "just cause exists for the termination of [Plaintiff's] employment").

The Section 3020-a hearing also afforded a full and fair opportunity to litigate the issue of discrimination. Plaintiff was permitted to request the production of material, call and cross-examine witnesses, and present relevant evidence. See Burkybile, 411 F.3d at 312. Plaintiff challenges certain of the arbitrator's evidentiary decisions, but the proceeding is not rendered unfair or incomplete because some evidentiary rulings were unfavorable. The district court correctly concluded that the Plaintiff's discrimination claims are collaterally estopped by the factual findings of her Section 3020-a hearing.

Washington also alleges that she was terminated in retaliation for the filing of the April 2015 OSI complaint, in violation of the ADA and comparable New York State and New York City anti-discrimination provisions.[1] See N.Y. Exec. Law § 290; N.Y.C. Admin. Code § 8-101; 42 U.S.C. § 1201 et seq. To survive a motion to dismiss on a First Amendment retaliation claim under any of these anti-discrimination regimes, the Complaint must allege that the Plaintiff engaged in recognized "protected activity" under

---

[1] The Complaint also links Plaintiff's termination to a complaint she filed with the Equal Employment Opportunity Commission in March 2016. However, Plaintiff did not pursue this argument in her opening brief, and it is thus waived for the purposes of this appeal. See Appellant's Br. at 18-20; see also Deep Woods Holdings, LLC v. Savings Deposit Ins. Fund of Rep. of Turkey, 745 F.3d 619, 623 (2d Cir. 2014).

the relevant statute. See Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (reciting the elements of a retaliation claim under the ADA and NYSHRL); Albunio v. City of N.Y., 16 N.Y.3d 472, 477 (2011) (same for NYCHRL).

Requests for disability accommodation and complaints about working conditions are protected activities. Kotcher v. Rosa & Sullivan Appliance Ctr., 957 F.2d 59, 65 (2d Cir. 1992); Sumner v. United States Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990). However, such complaints must specifically relate to conduct prohibited by statute. See Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011). Plaintiff's OSI complaint, which concerned Principal Santiago's failure to act on a student's death threat, appears unrelated to Plaintiff's disability or any conduct prohibited by the ADA. The filing of the OSI complaint is therefore not protected activity and cannot form the basis of a legally cognizable retaliation claim.

For the foregoing reasons, and finding no merit in the Washington's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6